UNITED STATES DISTRICT COURT
For the District of Connecticut

| | |
|---|---|
| WILLIAM NESBITT )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>BRUCE BEMER )<br>)<br>*Defendant* ) | <br><br><br><br>Case No. 3:18-cv-00699<br><br><br><br>June 22, 2018 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

The Defendant, Bruce Bemer, submits the following memorandum of law in support of his Motion to Dismiss.

**I.   FACTS**

On March 22, 2018, the Plaintiff commenced this civil action in state court alleging, among other things, that the Defendant violated the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1595(a), by engaging in a pattern of illegal human trafficking. On April 24, 2018, the Defendant filed a Notice of Removal to this Court based upon federal question jurisdiction. On May 3, 2018, the Defendant filed a Motion to Stay pursuant to 18 U.S.C. § 1595(b)(1). The Plaintiff objected to the stay, and on June 1, 2018, this Court denied the Defendant's Motion. The Defendant filed for reconsideration of that order on June 14, 2018. That motion is still pending. Based upon information asserted by the Plaintiff in his objection to the Motion to Stay, this motion followed.

1

II.  **ARGUMENT**

    A.  **Counts One, Three, Four and Five Of The Plaintiff's Complaint Must Be Dismissed Because They Are Barred By The Statute Of Limitations**

        a.  **Legal Standard**

A party may move to dismiss a claim that is barred by the statute of limitations. "Although the statute-of-limitations defense is usually raised in a responsive pleading… the defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." (Citations omitted) *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 n.1 (9th Cir. 1987); see also *Velez v. City of New London*, 903 F. Supp. 286, 289 (D. Conn. 1995) (statute of limitations properly raised in a motion to dismiss where complaint alleged conduct ranging from 1985 to present).

        b.  **Count One**

            i.  **Count One Is Barred By The Statute of Limitations**

Count One of the Plaintiff's complaint alleges that the "acts of the defendant as set forth above, were oppressive, immoral, unscrupulous, and in violation of public policy, including the policies set forth in [the Connecticut Corrupt Organizations and Racketeering Activity Act ("CORA")] and Connecticut General Statutes § 53a-83(c)(2)(A), amounting to an unfair trade practice in violation of [the Connecticut Unfair Trade Practices Act ("CUTPA")], Connecticut General Statutes § 42-110b et seq." Plaintiff's Complaint, Count One, ¶10. The Plaintiff alleged in his complaint that the defendant's behavior occurred "[b]eginning on or about March, 2010, until about November, 2014." Id. at ¶3 and ¶6.

2

Pursuant to Connecticut General Statutes § 42-110g(f), a CUTPA violation "may not be brought more than three years after the occurrence of a violation."[1] Notably, "[u]nder Connecticut law, both the general tort statute of limitations and the CUTPA statute of limitations are occurrence statutes, meaning that the limitations period begins to run from the date of the act or omission complained of, rather than the date the cause of action has accrued or the injury has occurred." *RBC Nice Bearings, Inc. v. Peer Bearing Co.*, 676 F. Supp. 2d 9, 34 (D. Conn. 2009), *aff'd*, 410 F. App'x 362 (2d Cir. 2010). The statute of limitations may be tolled by a continuing course of conduct, but "there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto." *Id.* at 35. Under the continuing course of conduct theory, the statute of limitations is tolled until the course of conduct is complete. *Cross v. Huttenlocher*, 185 Conn. 390, 400 (1981).

The Plaintiff alleges that the Defendant violated CUTPA from March 2010 until about November 2014. As an occurrence statute, the Plaintiff had to file his CUTPA claim within three years of the occurrence. Thus, his claims for conduct in March 2010 had to be filed by March 2013. Although the Plaintiff cannot prove the elements of a continuing course of conduct, even if he could, the statute of limitations began to run in November 2014. Consequently, the latest date that the

---

[1] Connecticut law is properly applied to this claim. "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "[T]he *Erie* doctrine applies, whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law." See *Holster v. Gatco, Inc.*, 485 F. Supp. 2d 179, 183 (E.D.N.Y. 2007), *aff'd*, 618 F.3d 214 (2d Cir. 2010).

Plaintiff could have brought a claim for a violation of CUTPA was November 2017. Plaintiff's complaint was not served until March 22, 2018. See *Nesbitt v. Bemer*, FBT-CV18-6072685-S. Accordingly, Count One of the Plaintiff's Complaint is barred by the statute of limitations.

### ii. Count One Fails As A Matter Of Law

Even if his claim was not barred by the statute of limitations, the Plaintiff's claim fails as a matter of law. The Plaintiff attempts to recover for the Defendant's alleged violations of CORA. "[T]here exists a presumption in Connecticut that private enforcement does not exist unless expressly provided in a statute. In order to overcome that presumption, the plaintiff bears the burden of demonstrating that such an action is created implicitly in the statute." *Provencher v. Town of Enfield*, 284 Conn. 772, 777–78 (2007). CORA "is a purely criminal statute and does not authorize a private right of action." *Dauphinais v. Cunningham*, No. CIVA.3:08-CV-1449VLB, at *6 (D. Conn. Nov. 30, 2009; *Bryant, J.*), *aff'd,* 395 F. App'x 745 (2d Cir. 2010). See *Metro Square, LLC v. Pettingill*, Superior Court, Docket No. CV 95-0148987-S, at *3 (Conn. Super. Ct. Apr. 3, 1997) (No private cause of action under CORA). "Unlike its federal counterpart, the RICO Act, 18 USC §§ 1961-1968, Connecticut's CORA statute, General Statutes § 53-393 et seq., does not contain a provision authorizing any person injured by reason of a violation of the racketeering provisions to maintain a civil action." *Machnicz v. Prop. Pros, Inc.*, Superior Court, Docket No. CV99-0428587, at *1 (Conn. Super. Ct. Nov. 29, 1999).

The Plaintiff seeks to avoid such a prohibition by pleading the claims under

CUTPA. There is no case law to suggest that CUTPA provides an avenue by which an individual can recover for violations of CORA. Nor would it make sense that a plaintiff would be so permitted. Had the legislature intended an individual to be able to recover for CORA violations, it would have included that right within the statute. To allow the Plaintiff to now recover by pleading CORA violations under another statute would be in direct contravention of the intent of the legislature. Accordingly, the Plaintiff's claim cannot be maintained as a matter of law and he has failed to state a cause of action upon which relief can be granted.

    c. <u>Counts Three, Four, and Five</u>

Count Three of the Plaintiff's complaint alleges that the Defendant "sexually assaulted the plaintiff." Plaintiff's Complaint, Count Three, ¶6. The Plaintiff alleges in his complaint that the Defendant's behavior occurred "[b]eginning on or about March, 2010, until about November, 2014." Id. at ¶3. Similarly, Count Four of the Plaintiff's complaint alleges that the Defendant "engaged in conduct that was in reckless and wanton disregard of plaintiff's rights." Plaintiff's Complaint, Count Four, ¶11. The Plaintiff alleges in his complaint that the Defendant's behavior occurred "[b]eginning on or about March, 2010, until about November, 2014." Id. at ¶3. Count Five of the Plaintiff's complaint alleges that the Defendant's "extreme and outrageous conduct…which was intentional in nature, caused severe emotional distress to the plaintiff." Plaintiff's Complaint, Count Three, ¶11. The Plaintiff alleges in his complaint that the Defendant's behavior occurred "[b]eginning on or about March, 2010, until about November, 2014." Id. at ¶3. Accordingly, the Complaint is clear on its face

that the Plaintiff alleges that the Defendant's conduct occurred between March 2010 and November 2014 for Counts Three, Four, and Five.

Pursuant to Connecticut General Statutes § 52-577, "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."[2] The statute of limitations for the Plaintiff's claims ran from the date of the occurrence for each instance of the alleged conduct. Each alleged assault was a discrete act giving rise to a discrete cause of action. Thus, an assault for a claim that occurred in March 2010 would have had to be filed by March 2013 and a claim for conduct in November 2014 would have been due by November 2017. Plaintiff's complaint was served until March 22, 2018. See *Nesbitt v. Bemer*, FBT-CV18-6072685-S.

Even if the Plaintiff argued tolling under the theory of a continuing course of conduct, which he has not, by his own words the conduct stopped in November 2014, making his present Complaint untimely. Accordingly, Counts Three, Four and Five of the Plaintiff's Complaint must be dismissed.

> **B. Count Two Of The Plaintiff's Complaint Should Be Dismissed Because It Fails To State A Claim Upon Which Relief Can Be Granted**
>
> **a. Legal Standard**

To avoid dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (Internal quotation marks omitted; citations omitted) *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The allegations "must be enough to

---

[2] See Footnote 1.

raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In making this determination, the Court "must draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

In ruling on a motion to dismiss, "the Supreme Court suggested a 'two-pronged approach' to evaluate the sufficiency of a complaint." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). First, the Court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. Although a complaint does not need to include "detailed factual allegations," a complaint must offer more than "labels and conclusion," or "a formulaic recitation of the elements of a cause of action;" *Twombly*, 550 U.S. at 555; or "naked assertions devoid of further factual enhancement." (Internal quotation marks omitted) *Iqbal*, 556 U.S. at 678.

Second*,* if the complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief" and fails to "nudge" a plaintiff's claims "across the line from conceivable to plausible." Id. at 678, 680.

### b. The Plaintiff Has Failed To Allege A Violation Of The TVPA

Count Two should be dismissed because the Plaintiff has failed to allege a

violation of the TVPA. The Plaintiff claims that the Defendant violated 18 U.S.C. § 1595(a), but that section merely sets forth the right to bring a civil cause of action for a violation of the TVPA. Section 1595, as amended "provides a civil remedy for victims of forced labor, slavery, involuntary servitude, human trafficking, and peonage. 18 U.S.C. § 1595; *see also id.* §§ 1581, 1583, 1584, 1589, 1590." (Footnote omitted). *Abarca v. Little*, 54 F. Supp. 3d 1064, 1067–68 (D. Minn. 2014). Accordingly, a plaintiff must assert a violation of the TVPA, *i.e.* a violation of §§ 1581, 1584, 1589 or 1590, in order to bring a claim pursuant to § 1595. See *Magnifico v. Villanueva*, 783 F. Supp. 2d 1217, 1222 (S.D. Fla. 2011) (claim brought under the TVPA based upon 18 U.S.C. §§ 1589, 1590, and 1595); see also *Lunkes v. Yannai*, 882 F. Supp. 2d 545 (S.D.N.Y. 2012) (claim brought under the TVPA based upon 18 U.S.C. §§ 1581, 1591 and 1595). The Plaintiff has failed to assert a violation of §§ 1581, 1584, 1589 and/or 1590. Thus, the Plaintiff has failed to allege a violation of the TVPA and has failed to state a claim upon which relief can be granted. Count Two should be dismissed.

    c. <u>The Plaintiff's Claim Is Insufficiently Pled</u>

Count Two should also be dismissed because it is insufficiently pled. The Plaintiff alleges that the Defendant engaged in a pattern of human trafficking. When the Plaintiff first filed his Complaint, the Defendant believed that the Plaintiff claimed to be a victim of the sex trafficking ring for which the Defendant is being prosecuted. After the Defendant filed his Motion to Stay pursuant to the TVPA, however, the Plaintiff asserted in an affidavit to this Court that he is not one of the victims named in the Arrest Warrant Application in the underlying

criminal matter. Affidavit of William Nesbitt, dated May 18, 2018 at 1 (Exhibit C to Plaintiff's Memorandum of Law in Support of Objection) (Exhibit A to this motion). He also swore that he "is not familiar with Mr. King or Mr. Trefzger nor was [he] in any way involved with the sex-trafficking ring referred to in the application." Id. at 1-2. Such an assertion means that the Plaintiff must allege the existence of some other sex trafficking conduct, which he does not, in order to state a valid TVPA claim. The Plaintiff's complaint is silent on critical elements necessary to state a TVPA claim— namely, with whom the Defendant allegedly "conspired with" to traffic the Plaintiff and other "vulnerable individuals." Without such allegations, the Plaintiff's claim that the Defendant was involved in a trafficking scheme is insufficiently pled and is simply not plausible on its face.

> The only allegation unique to the Plaintiff's TVPA count is the following:
>
> **Between approximately 2010 and 2014, the defendant engaged in a pattern of illegal and prohibited human trafficking activity for purulent sexual purposes in violation of, and actionable under 18 U.S.C. § 1595(a), which has resulted in ascertainable loss to the plaintiff, including bodily invasion and sexual abuse, which has left him susceptible and as a target of the defendant's perverse criminal racketeering scheme.**

Plaintiff's Complaint, Count Two, ¶6. This paragraph is composed entirely of conclusions, which are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. The Plaintiff pleads no facts specific to the TVPA claim to support his cause of action but rather just legally concludes that the Defendant was engaged in illegal activity. This is precisely the type of "naked assertion" that is properly the subject of a Rule 12(b)(6) motion.

The facts that form the basis for all counts, which were adopted in Count

9

Two, provide no further detail or basis for how the Defendant violated the TVPA.

In Paragraph Two, the Plaintiff alleges that:

> [t]he defendant, Bruce Bemer, is an individual who engaged in a continuous course of depraved and corrupt business activity over many years, targeting vulnerable individuals for sexual exploitation, and who willingly engaged in a conspiracy to sexually abuse and traffic individuals, including plaintiff, throughout the State of Connecticut, for financial gain and/or sexual gratification in lieu of or in addition to financial gain.

Plaintiff's Complaint, Count Two, ¶2. Again, the paragraph contains nothing more than general, legal conclusions with no supporting facts, which are not entitled to the presumption of truth.

> Paragraph Three alleges that:
>
> [b]eginning on or about March, 2010, until about November, 2014, the plaintiff was involved in a relationship with the defendant, Bruce Bemer, in which the defendant would pay the plaintiff to engage in lewd and perverted acts, sexual and otherwise, and would also ask the plaintiff to attempt to recruit other young men to do likewise.

Plaintiff's Complaint, Count Two, ¶3. Assuming the veracity of these facts, they do not support a TVPA claim nor do they "nudge" the Plaintiff's claims from conceivable to plausible. Importantly, the Plaintiff does not allege that the relationship was non-consensual, that he was recruited, or that he recruited other men to do likewise.

> Paragraph Four alleges that
>
> [d]uring this time period, the plaintiff understood that the defendant was a wealthy and powerful man and felt powerless to refuse the defendant's requests. In addition, the defendant made it clear to the plaintiff, during the course of the relationship, that there would be serious negative repercussions to the plaintiff if the plaintiff disclosed to anyone, in particular the defendant's employees, the nature of the activities they engaged in, and the fact that plaintiff had been requested to recruit other young men to engage in such

10

activities. As a result of the defendant's statements, the plaintiff felt threatened, intimidated and fearful for those reasons, did not, before now, disclose the nature and extent of the lewd and perverted activities he engaged in at the defendant's direction.

Plaintiff's Complaint, Count Two, ¶4. Again, even assuming these facts are true, the Plaintiff has not alleged conduct that constitutes a violation of the TVPA. The Plaintiff does not allege that the sexual encounters were non-consensual and does not allege *any* conduct that amounts to trafficking. Rather, the Plaintiff merely alleges that he felt intimidated not to disclose his relationship with the Defendant. The Plaintiff's allegations are insufficient to push his claim over the line from conceivable to plausible.

In viewing the Plaintiff's claim as a whole, the Plaintiff has failed to assert a set of circumstances that, if true, would constitute a violation of the TVPA. The Plaintiff has not alleged that any sexual activity was non-consensual nor has he alleged any facts that, if proven, demonstrate any type of trafficking. Finally, the Plaintiff has failed to name anyone with whom the Defendant conspired to or did traffic "vulnerable individuals," including the Plaintiff. The Plaintiff has failed to state a claim upon which relief can be granted and Count Two of his Complaint should be dismissed.

WHEREFORE, the Defendant respectfully requests that this Court dismiss the Plaintiff's complaint in its entirety.

**RESPECTFULLY SUBMITTED,**

**THE DEFENDANT,
BRUCE BEMER**

**By: /s/ Ryan P. Barry
Ryan P. Barry
Fed. Bar No. ct21683
Barry, Barall & Spinella, LLC
202 West Center Street, 1st Floor
Manchester, CT 06040
(P): (860) 649-4400
(F): (860) 645-7900
(E): rbarry@bbsattorneys.com
His Attorney**

UNITED STATES DISTRICT COURT
For the District of Connecticut

| | | |
|---|---|---|
| WILLIAM NESBITT | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
|     v. | ) | Case No. 3:18-cv-00699 |
| | ) | |
| BRUCE BEMER | ) | |
| | ) | |
|     *Defendant* | ) | June 22, 2018 |

### CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Ryan P. Barry
Ryan P. Barry
Fed. Bar No. ct21683