UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM NESBITT | : | CIVIL ACTION NO. |
| | : | 3:18-cv-00699-VLB |
| VS. | : | |
| | : | |
| BRUCE BEMER | : | JULY 20, 2018 |

### Motion to Amend Complaint

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and Local Rule 7(f), the plaintiff, William Nesbitt, moves the Court for permission to amend his Complaint. The amendment is intended to address issues raised by the defendant's Motion to Dismiss and to incorporate allegations relative to jurisdiction and venue.

Both a version of the proposed Amended Complaint showing the changes proposed and a clean version of the proposed Amended Complaint are attached hereto.

This is the first request to amend the Complaint.

Attorney Ryan Barry, defendant's counsel, has been contacted and does not consent to the filing of this motion.

                                                                     PLAINTIFF
                                                                     WILLIAM NESBITT

By_____
                                                                     Gerald S. Sack
                                                                      Federal Bar #ct05279
                                                                      Law Offices of Gerald S. Sack, LLC
                                                                      836 Farmington Avenue, Suite 109
                                                                      West Hartford, CT 06119
                                                                      T. 860-236-7225; F. 860-231-8114
                                                                      gssack@sacklawoffice.com

## Certification

I hereby certify that on July 20, 2018, a copy of the foregoing document was filed electronically and served by mail upon anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing though the Court's CM/ECF System.

Ryan P. Barry, Esquire
Federal Bar No. ct21683
Barry, Barall & Spinella, LLC
202 West Center Street, 1st Floor
Manchester, CT 06040
T. 860-649-4400; F. 860-645-7900
rbarry@bbsattorneys.com

_____
Gerald S. Sack
Federal Bar #ct05279

Courtesy copy:
The Honorable Vanessa L. Bryant
United States Courthouse
450 Main Street - Annex 135
Hartford, CT 06103

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM NESBITT                    :    CIVIL ACTION NO.
                                   :    3:18-cv-00699-VLB
    VS.                            :
                                   :
                                   :
BRUCE BEMER                        :    JULY 20, 2018

## Amended Complaint

The plaintiff, William Nesbitt, through his attorneys, brings this civil action for violations of his rights secured and protected by the Connecticut Corrupt Organizations and Racketeering Activity Act (CORA) (Connecticut General Statutes §53-393 et seq), Violations of the Trafficking Victims Protection Act actionable pursuant to 18 U.S.C. §1595(a), Connecticut Unfair Trade Practices Act ("CUTPA"), and under laws of the State of Connecticut, for which he seeks compensatory and punitive damages as well as attorneys' fees and costs.

## Jurisdiction and Venue

1.  Jurisdiction in this matter is premised on 28 U.S.C. § 1331, in that this District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

2.  This Court has supplemental jurisdiction over the plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

3.  Venue in this District is premised on 28 U.S.C. 1391(b).

**COUNT ONE**: Violation of Connecticut General Statutes §42-110a et seq.

1. The plaintiff, William Nesbitt, is an adult, age twenty-seven, who resides in central Connecticut.

2. The defendant, Bruce Bemer, is an individual who engaged in a continuous course of depraved and corrupt business activity over many years, targeting vulnerable individuals for sexual exploitation, and who willingly engaged in a conspiracy to sexually abuse and traffic individuals, including plaintiff, throughout the State of Connecticut, for financial gain and/or sexual gratification in lieu of or in addition to financial gain. The defendant, upon information and belief, and an opportunity for further discovery, has been infected with the HIV virus for decades and knowingly engaged in unprotected sexual acts with the plaintiff without disclosure of the fact that he is/was infected with HIV.

3. Beginning on or about March, 2010, until about November, 2014, the plaintiff was involved in a relationship with the defendant, Bruce Bemer, in which the defendant would pay the plaintiff to engage in lewd and perverted acts, sexual and otherwise, and would also ask the plaintiff to attempt to recruit other young men to do likewise.

4. During this time period <u>and afterwards</u>, the plaintiff understood that the defendant was a wealthy and powerful man and felt powerless to refuse the defendant's requests. In addition, the defendant made it clear to the plaintiff, during the course of the relationship, that there would be serious negative repercussions to the plaintiff if the plaintiff disclosed to anyone, in particular the defendant's employees, the nature of the activities they engaged in, and the fact that plaintiff had been requested to recruit other young men to

engage in such activities. As a result of the defendant's statements, the plaintiff felt threatened, intimidated and fearful and for those reasons did not, before ~~now~~ <u>defendant's activities were exposed by news media coverage shortly before this action was filed,</u> disclose the nature and extent of the lewd and perverted activities he engaged in at the defendant's direction<u>, and pursue a claim for damages.</u>

5. The defendant also represented to the plaintiff, while the relationship was ongoing, that he was not infected by any sexually transmitted disease, including HIV/AIDS.

6. Between March, 2010, until about November, 2014, the defendant engaged in a pattern of illegal and prohibited racketeering activity for sexual purposes in violation of the Connecticut Corrupt Organizations and Racketeering Activity Act (CORA) (Connecticut General Statutes §53-393 et seq.).

7. At all times relevant to this action, the defendant, in violation of CORA, engaged in racketeering activity, including committing, attempting to commit, conspiring to commit, or intentionally aiding, soliciting, coercing, or intimidating the plaintiff and others to commit extortion, assault, prostitution, including a violation of Connecticut General Statutes §53a-83(c)(2)(A), and/or coercion in violation of Connecticut General Statutes §53-394(a).

8. At all times relevant to this action, the defendant, in violation of CORA, engaged in a pattern of racketeering activity including engaging in at least two incidents of racketeering activity that (1) have the same or similar purposes, results, participants, victims, or methods of commission or otherwise are interrelated by distinguished

characteristics; and (2) are not isolated incidents, all in violation of Connecticut General Statutes §42-110a et seq.

9. At all times relevant to this action, the defendant, or members of his racketeering conspiracy, were engaged in the conduct of a trade or commerce as defined in the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes §42-110 a et seq.

10. The acts of the defendant as set forth above, were oppressive, immoral, unscrupulous and in violation of public policy, including the policies set forth in CORA and Connecticut General Statutes §53a-83(c)(2)(A), amounting to an unfair trade practice in violation of CUTPA, Connecticut General Statutes §42-110b et seq.

11. These acts of defendant, Bruce Bemer, or members of his racketeering conspiracy, have resulted in ascertainable loss to the plaintiff, including bodily invasion, and sexual abuse, that left him susceptible and as a target of the defendant's perverse criminal racketeering scheme.

**COUNT TWO:** Violations of the Trafficking Victims Protection Act actionable pursuant to 18 U.S.C. §1595(a)

1-5. Paragraphs 1 through 5 of Count One are hereby incorporated as paragraphs 1 through 5 of Count Two as if fully set forth herein.

6. Between approximately 2010 and 2014, the defendant engaged in a pattern of illegal and prohibited human trafficking activity for purulent sexual purposes in violation of, and actionable under 18 U.S.C. § 1595(a), which have resulted in ascertainable loss to the

plaintiff, including bodily invasion and sexual abuse, which have left him susceptible and as a target of the defendant's perverse criminal racketeering scheme.

**COUNT THREE:** Assault and Battery

1-5.   Paragraphs 1 through 5 of Count One are hereby incorporated as paragraphs 1 through 5 of Count Three as if fully set forth herein.

6.   Beginning in approximately March, 2010, the defendant lured the plaintiff to the defendant's office at New England Cycle Center, 73 Leibert Road, in Hartford, Connecticut, approximately fourteen (14) times, for purposes of sexual activity and related perverse acts and, on some of those occasions, sexually assaulted the plaintiff.

7.   As a result of the assaults on plaintiff by the defendant, the plaintiff sustained and suffered, and continues to suffer from, serious personal injuries, including, but not limited to, psychiatric and psychological injuries, severe emotional distress, anxiety, depression, shock, anger, feelings of guilt and self-blame, humiliation, sleep disturbances, and feelings of powerlessness. Some or all of these injuries and their effects are, or will likely prove to be, permanent in nature.

8.   As a further result, the plaintiff's ability to enjoy life and carry on his usual activities, hobbies and recreations has been impaired, and will likely continue to be impaired for the rest of his life.

9.   The injuries sustained and suffered by the plaintiff were a proximate result of the foregoing assault and battery committed by the defendant.

10. As a further result, the plaintiff will likely be required to expend considerable sums of money for medical treatment, psychiatric therapy and psychological treatment, to his financial loss.

**COUNT FOUR:** Reckless and Wanton Conduct

1-10. Paragraphs 1 through 10 of Count Three are hereby incorporated as paragraphs 1 through 10 of Count Four as if fully set forth herein.

11. By luring the plaintiff to the defendant's office at New England Cycle Center on numerous occasions beginning on or about March, 2010, and by forcing him to take part in lewd sexual and other perverse acts, the defendant engaged in conduct that was in reckless and wanton disregard of plaintiff's rights.

**COUNT FIVE:** Intentional Infliction of Emotional Distress

1-10. Paragraphs 1 through 10 of Count Three are hereby incorporated as paragraphs 1 through 10 of Count Five as if fully set forth herein.

11. Beginning in approximately March, 2010, the defendant lured the plaintiff to the defendant's office at New England Cycle Center on at least twelve (12) occasions, forced him to take part in lewd sexual and other perverse conduct and to take money for it, and then threatened the plaintiff that if the plaintiff told anyone about the sexual encounters, the defendant would expose and humiliate the plaintiff.

12. The foregoing extreme and outrageous conduct by the defendant, which was intentional in nature, caused severe emotional distress to the plaintiff.

13. As a result of the conduct of the defendant, the plaintiff will likely be forced to incur expenses for medical care, therapy and the like.

## JURY DEMAND

The plaintiff hereby demands a jury trial.

WHEREFORE, the Plaintiff demands:

1. Punitive Damages pursuant to General Statutes §42-110a et seq. on Count One;

2. Attorneys' Fees and Costs pursuant to General Statutes §42-110a et seq. on Count One;

3. Compensatory and Punitive Damages and attorneys' fees pursuant to 18 U.S.C. §1595(a) on Count Two;

4. Money Damages, including Common Law Punitive Damages on all Counts; and

5. Such other relief as the Court deems just and appropriate on all Counts.

                PLAINTIFF
                WILLIAM NESBITT

By_____
      Gerald S. Sack
      Federal Bar #ct05279
      Law Offices of Gerald S. Sack, LLC
      836 Farmington Avenue, Suite 109
      West Hartford, CT 06119
      T. 860-236-7225; F. 860-231-8114
      gssack@sacklawoffice.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM NESBITT | CIVIL ACTION NO. 3:18-cv-00699-VLB |
| VS. | |
| BRUCE BEMER | JULY 20, 2018 |

### Amended Complaint

The plaintiff, William Nesbitt, through his attorneys, brings this civil action for violations of his rights secured and protected by the Connecticut Corrupt Organizations and Racketeering Activity Act (CORA) (Connecticut General Statutes §53-393 et seq), Violations of the Trafficking Victims Protection Act actionable pursuant to 18 U.S.C. §1595(a), Connecticut Unfair Trade Practices Act ("CUTPA"), and under laws of the State of Connecticut, for which he seeks compensatory and punitive damages as well as attorneys' fees and costs.

### Jurisdiction and Venue

1. Jurisdiction in this matter is premised on 28 U.S.C. § 1331, in that this District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

2. This Court has supplemental jurisdiction over the plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

3. Venue in this District is premised on 28 U.S.C. 1391(b).

**COUNT ONE**: Violation of Connecticut General Statutes §42-110a et seq.

1. The plaintiff, William Nesbitt, is an adult, age twenty-seven, who resides in central Connecticut.

2. The defendant, Bruce Bemer, is an individual who engaged in a continuous course of depraved and corrupt business activity over many years, targeting vulnerable individuals for sexual exploitation, and who willingly engaged in a conspiracy to sexually abuse and traffic individuals, including plaintiff, throughout the State of Connecticut, for financial gain and/or sexual gratification in lieu of or in addition to financial gain. The defendant, upon information and belief, and an opportunity for further discovery, has been infected with the HIV virus for decades and knowingly engaged in unprotected sexual acts with the plaintiff without disclosure of the fact that he is/was infected with HIV.

3. Beginning on or about March, 2010, until about November, 2014, the plaintiff was involved in a relationship with the defendant, Bruce Bemer, in which the defendant would pay the plaintiff to engage in lewd and perverted acts, sexual and otherwise, and would also ask the plaintiff to attempt to recruit other young men to do likewise.

4. During this time period and afterwards, the plaintiff understood that the defendant was a wealthy and powerful man and felt powerless to refuse the defendant's requests. In addition, the defendant made it clear to the plaintiff, during the course of the relationship, that there would be serious negative repercussions to the plaintiff if the plaintiff disclosed to anyone, in particular the defendant's employees, the nature of the activities they engaged in, and the fact that plaintiff had been requested to recruit other young men to

engage in such activities. As a result of the defendant's statements, the plaintiff felt threatened, intimidated and fearful and for those reasons did not, before ~~now~~ defendant's activities were exposed by news media coverage shortly before this action was filed, disclose the nature and extent of the lewd and perverted activities he engaged in at the defendant's direction, and pursue a claim for damages.

5. The defendant also represented to the plaintiff, while the relationship was ongoing, that he was not infected by any sexually transmitted disease, including HIV/AIDS.

6. Between March, 2010, until about November, 2014, the defendant engaged in a pattern of illegal and prohibited racketeering activity for sexual purposes in violation of the Connecticut Corrupt Organizations and Racketeering Activity Act (CORA) (Connecticut General Statutes §53-393 et seq.).

7. At all times relevant to this action, the defendant, in violation of CORA, engaged in racketeering activity, including committing, attempting to commit, conspiring to commit, or intentionally aiding, soliciting, coercing, or intimidating the plaintiff and others to commit extortion, assault, prostitution, including a violation of Connecticut General Statutes §53a-83(c)(2)(A), and/or coercion in violation of Connecticut General Statutes §53-394(a).

8. At all times relevant to this action, the defendant, in violation of CORA, engaged in a pattern of racketeering activity including engaging in at least two incidents of racketeering activity that (1) have the same or similar purposes, results, participants, victims, or methods of commission or otherwise are interrelated by distinguished

characteristics; and (2) are not isolated incidents, all in violation of Connecticut General Statutes §42-110a et seq.

9. At all times relevant to this action, the defendant, or members of his racketeering conspiracy, were engaged in the conduct of a trade or commerce as defined in the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes §42-110 a et seq.

10. The acts of the defendant as set forth above, were oppressive, immoral, unscrupulous and in violation of public policy, including the policies set forth in CORA and Connecticut General Statutes §53a-83(c)(2)(A), amounting to an unfair trade practice in violation of CUTPA, Connecticut General Statutes §42-110b et seq.

11. These acts of defendant, Bruce Bemer, or members of his racketeering conspiracy, have resulted in ascertainable loss to the plaintiff, including bodily invasion, and sexual abuse, that left him susceptible and as a target of the defendant's perverse criminal racketeering scheme.

**COUNT TWO:** Violations of the Trafficking Victims Protection Act actionable pursuant to 18 U.S.C. §1595(a)

1-5. Paragraphs 1 through 5 of Count One are hereby incorporated as paragraphs 1 through 5 of Count Two as if fully set forth herein.

6. Between approximately 2010 and 2014, the defendant engaged in a pattern of illegal and prohibited human trafficking activity for purulent sexual purposes in violation of, and actionable under 18 U.S.C. § 1595(a), which have resulted in ascertainable loss to the

plaintiff, including bodily invasion and sexual abuse, which have left him susceptible and as a target of the defendant's perverse criminal racketeering scheme.

**COUNT THREE:** Assault and Battery

1-5. Paragraphs 1 through 5 of Count One are hereby incorporated as paragraphs 1 through 5 of Count Three as if fully set forth herein.

6. Beginning in approximately March, 2010, the defendant lured the plaintiff to the defendant's office at New England Cycle Center, 73 Leibert Road, in Hartford, Connecticut, approximately fourteen (14) times, for purposes of sexual activity and related perverse acts and, on some of those occasions, sexually assaulted the plaintiff.

7. As a result of the assaults on plaintiff by the defendant, the plaintiff sustained and suffered, and continues to suffer from, serious personal injuries, including, but not limited to, psychiatric and psychological injuries, severe emotional distress, anxiety, depression, shock, anger, feelings of guilt and self-blame, humiliation, sleep disturbances, and feelings of powerlessness. Some or all of these injuries and their effects are, or will likely prove to be, permanent in nature.

8. As a further result, the plaintiff's ability to enjoy life and carry on his usual activities, hobbies and recreations has been impaired, and will likely continue to be impaired for the rest of his life.

9. The injuries sustained and suffered by the plaintiff were a proximate result of the foregoing assault and battery committed by the defendant.

10.     As a further result, the plaintiff will likely be required to expend considerable sums of money for medical treatment, psychiatric therapy and psychological treatment, to his financial loss.

**COUNT FOUR:** Reckless and Wanton Conduct

1-10.   Paragraphs 1 through 10 of Count Three are hereby incorporated as paragraphs 1 through 10 of Count Four as if fully set forth herein.

11.     By luring the plaintiff to the defendant's office at New England Cycle Center on numerous occasions beginning on or about March, 2010, and by forcing him to take part in lewd sexual and other perverse acts, the defendant engaged in conduct that was in reckless and wanton disregard of plaintiff's rights.

**COUNT FIVE:** Intentional Infliction of Emotional Distress

1-10.   Paragraphs 1 through 10 of Count Three are hereby incorporated as paragraphs 1 through 10 of Count Five as if fully set forth herein.

11.     Beginning in approximately March, 2010, the defendant lured the plaintiff to the defendant's office at New England Cycle Center on at least twelve (12) occasions, forced him to take part in lewd sexual and other perverse conduct and to take money for it, and then threatened the plaintiff that if the plaintiff told anyone about the sexual encounters, the defendant would expose and humiliate the plaintiff.

12.     The foregoing extreme and outrageous conduct by the defendant, which was intentional in nature, caused severe emotional distress to the plaintiff.

13. As a result of the conduct of the defendant, the plaintiff will likely be forced to incur expenses for medical care, therapy and the like.

### Jury Demand

The plaintiff hereby demands a jury trial.

WHEREFORE, the Plaintiff demands:

1. Punitive Damages pursuant to General Statutes §42-110a et seq. on Count One;

2. Attorneys' Fees and Costs pursuant to General Statutes §42-110a et seq. on Count One;

3. Compensatory and Punitive Damages and attorneys' fees pursuant to 18 U.S.C. §1595(a) on Count Two;

4. Money Damages, including Common Law Punitive Damages on all Counts; and

5. Such other relief as the Court deems just and appropriate on all Counts.

          PLAINTIFF
          WILLIAM NESBITT

By_____
    Gerald S. Sack
    Federal Bar #ct05279
    Law Offices of Gerald S. Sack, LLC
    836 Farmington Avenue, Suite 109
    West Hartford, CT 06119
    T. 860-236-7225; F. 860-231-8114
    gssack@sacklawoffice.com