# UNITED STATES DISTRICT COURT
## For the District of Connecticut

| | | |
|---|---|---|
| WILLIAM NESBITT | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-00699 |
| | ) | |
| BRUCE BEMER | ) | |
| | ) | |
| *Defendant* | ) | July 31, 2018 |

## OBJECTION TO MOTION TO AMEND

The Defendant, Bruce Bemer, submits the following reply to the Plaintiff's Objection to the Defendant's Motion to Dismiss.

The Plaintiff argues that the Defendant's Motion to Dismiss as to Counts One, Three, Four and Five should be denied because evidence outside of the Complaint must be considered to determine whether the applicable statute of limitations was equitably tolled. The Plaintiff's argument is without merit. Connecticut law applies. "Where a district court applies or borrows a state statute of limitations, it is also required to apply the state's equitable exceptions." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1199 (9th Cir. 1988). Connecticut law is "well established that equitable tolling does not apply to statutes of repose." *Lopez v. Travelers Companies, Inc.*, Superior Court, judicial district of Ansonia, No. AAN-CV15-6019474-S, at *6 (April 26, 2016). The statute of limitations for Counts Three, Four, and Five is contained in General Statutes § 52-577, which is a "statute of repose in that it sets a fixed limit after which the tortfeasor will not be held liable and in some cases will serve to bar an action before it accrues." *Piteo*

1

*v. Gottier*, 112 Conn. App. 441, 445 (2009). Accordingly, the doctrine of equitable tolling does not apply to Counts Three, Four and Five.

"Additionally, the equitable tolling doctrine is inapplicable to § 42–100g(f), the CUTPA time limitation provision, because § 42–100g(f) creates a limitation on a statutory right of action." Id. Accordingly, the doctrine does not apply to Count One of the Plaintiff's Complaint. Because the doctrine of equitable tolling does not apply to Counts One, Three, Four and Five and because it is clear on the face of the complaint that the alleged acts of the Defendant ended more than three years before the Plaintiff's suit was filed, the Plaintiff's claims are time-barred and should be dismissed.

The Plaintiff next claims that the Defendant's Motion to Dismiss is now moot as to Count Two of his Complaint because Plaintiff's Second Amended Complaint alleges a violation of 18 U.S.C. § 1591. Plaintiff's proposed Second Amended Complaint, however, contains no such pleading. Accordingly, even if this Court permits the Amended Complaint, the Plaintiff has still failed to state a claim upon which relief can be granted. Accordingly, Count Two should be dismissed.

The Plaintiff argues that his CUTPA claim for CORA violations is valid and is analogous to a CUTPA claim for violations of the Connecticut Unfair Insurance Practices Act ("CUIPA"), which also does not permit a private cause of action. The Connecticut Supreme Court has permitted CUIPA claims pursuant to CUTPA because, although CUIPA does not provide a private cause of action, the Connecticut legislature has clearly manifested an intention for insurance

practices to be subject to both CUTPA and CUIPA. *Mead v. Burns*, 199 Conn. 651, 663, 509 A.2d 11, 18 (1986). CUIPA is not analogous to CORA, however, because it is not a purely criminal statute. There is no case law holding that a violation of a purely criminal statute, which does not provide a private cause of action, can form the basis for a civil CUTPA violation. There is also no manifestation of legislative intent that criminal racketeering be subject to both CORA and CUTPA. Indeed, if that were permissible, a simple school yard fight leading to an assault charge would now give rise to a CUTPA violation. Such a result would be absurd. As our Supreme Court noted, "it strains credulity to conclude that CUTPA is so formless as to provide redress to any person, for any ascertainable harm, caused by any person in the conduct of any trade or commerce." *Vacco v. Microsoft Corp.*, 260 Conn. 59, 88 (2002).

The Defendant's argument that CUTPA cannot sustain a claim for CORA violations is further supported by the fact that the Plaintiff's allegations cannot legally satisfy the requirements of CUTPA. CUTPA requires an "ascertainable loss." "The ascertainable loss requirement is a threshold barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief.... Thus, to be entitled to any relief under CUTPA, a plaintiff must first prove that he has suffered an ascertainable loss due to a CUTPA violation." *Di Teresi v. Stamford Health Sys., Inc.*, 149 Conn. App. 502, 508 (2014). "An ascertainable loss is a loss that is capable of being discovered, observed or established.... The term loss necessarily encompasses a broader meaning than the term damage, and has been held synonymous with deprivation, detriment and

3

injury.... To establish an ascertainable loss, a plaintiff is not required to prove actual damages of a specific dollar amount.... [A] loss is ascertainable if it is measurable even though the precise amount of the loss is not known." *Id.* at 508.

The Plaintiff has not alleged an "ascertainable loss." The Plaintiff alleges that he has suffered "bodily invasion, and sexual abuse." Count One, ¶11. None of those losses, however, are measurable. The Supreme Court has given an example of a loss that is measurable versus one that is not measurable.

> "To the consumer who wishes to purchase an energy saving subcompact [motor vehicle] ... it is no answer to say that he should be satisfied with a more valuable gas guzzler." … In that example, there is a clear expectation of the benefits of that energy saving subcompact and a loss of monetary value, though the precise amount may not be known. In contrast, the plaintiffs in the present case, on behalf of a patient of the hospital, claim to have a "reasonable expectation that she would be safe from harm" and that the hospital "would properly care for her." This reasonable expectation is not measurable for purposes of sustaining a CUTPA violation, nor is the loss of that expectation.

(Citation omitted) *Di Teresi v. Stamford Health Sys.*, Inc., 149 Conn. App. 502, 509, 88 A.3d 1280, 1284 (2014), citing *Hinchliffe v. American Motors Corp.,* 184 Conn. 607, 614 (1981). "Sexual abuse" or "bodily invasion," like "safety" in the Supreme Court's example, are not losses contemplated by CUTPA. The Plaintiff's "losses" are best categorized as emotional distress, which our Appellate Court held is not a loss subject to recovery under CUTPA. *Di Teresi*, 149 Conn. App. at 512. The Plaintiff's claim fails as a matter of law and should be dismissed.

WHEREFORE, the Defendant respectfully requests that this Court dismiss the Plaintiff's complaint in its entirety.

4

RESPECTFULLY SUBMITTED,

THE DEFENDANT,
BRUCE BEMER


By: /s/ Ryan P. Barry
Ryan P. Barry
Fed. Bar No. ct21683
Barry, Barall & Spinella, LLC
202 West Center Street, 1st Floor
Manchester, CT 06040
(P): (860) 649-4400
(F): (860) 645-7900
(E): rbarry@bbsattorneys.com
His Attorney

**UNITED STATES DISTRICT COURT**
**For the District of Connecticut**

| | | |
|---|---|---|
| **WILLIAM NESBITT** | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | **Case No. 3:18-cv-00699** |
| | ) | |
| **BRUCE BEMER** | ) | |
| | ) | |
| *Defendant* | ) | **July 31, 2018** |

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Ryan P. Barry
Ryan P. Barry
Fed. Bar No. ct21683