UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM NESBITT<br>Plaintiff<br><br>v.<br><br>BRUCE BEMER<br>Defendant | )<br>)<br>)   Case No.: 3:18-cv-00699<br>)<br>)<br>)<br>)   AUGUST 6, 2018 |

### MOTION FOR PERMISSION TO FILE SUR-REPLY TO
### DEFENDANT'S REPLY TO OBJECTION TO MOTION TO DISMISS

Pursuant to Local Rule 7(d), the plaintiff, William Nesbitt, moves for permission to file a Sur-Reply to Defendant's, Bruce Bemer's, Reply to Plaintiff's Objection to Motion to Dismiss, attached hereto.

The defendant's Reply to Objection to Motion to Dismiss raises an issue for the first time concerning the CUTPA claim, relies on cases not previously discussed in his Motion to Dismiss, and mischaracterizes the plaintiff's proposed Second Amended Complaint. The plaintiff seeks a fair opportunity to respond to the new issues and the new cases cited by the defendant and to correct the mischaracterization. Accordingly, the plaintiff moves the Court to accept for filing the plaintiff's attached proposed Sur-Reply.

THE PLAINTIFF,
WILLIAM NESBITT

By  /s/ Gerald S. Sack
    Gerald S. Sack
    Federal Bar #ct05279
    Law Office of Gerald S. Sack, LLC
    836 Farmington Avenue, Suite 109
    West Hartford, CT  06119
    (860) 236-7225
    gssack@sacklawoffice.com

## Certification

     I hereby certify that on August 6, 2018, a true copy of the above document was filed electronically and served on the following counsel of record, pursuant to the Court's electronic filing order. Notice of this filing will be sent by email to the following parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. (Parties may access this filing through the Court's CM/ECF System):

Ryan P. Barry, Esq.
Barry, Barall, & Spinella, LLC
202 West Center Street, 1st Floor
Manchester, CT 06040
860-649-4400
860-645-7900(f)
rbarry@bbsattorneys.com


                                                       By    /s/ Gerald S. Sack
                                                                Gerald S. Sack
                                                                Federal Bar #ct05279

UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM NESBITT )<br>    Plaintiff )<br>)<br>v. )<br>)<br>)<br>BRUCE BEMER )<br>    Defendant ) | Case No.: 3:18-cv-00699<br><br><br><br><br>AUGUST 6, 2018 |

## SUR-REPLY TO REPLY TO OBJECTION TO MOTION TO DISMISS

The plaintiff, William Nesbitt, hereby files the instant Sur-Reply to the defendant's Reply to Objection to Motion to Dismiss. The defendant asserts three arguments in his Reply: (1) equitable tolling does not apply to this case as the equitable tolling cannot be applied to statutes of repose; (2) Count Two of the plaintiff's proposed Second Amended Complaint does not contain an allegation that the defendant violated 18 U.S.C. § 1591; and (3) the CUTPA claim fails as the plaintiff failed to sustain an "ascertainable loss". The defendant's arguments fail.

### I. The Plaintiff's Claims Should Be Equitably Tolled.

A statute of limitations may be equitable tolled for multiple reasons. *See* Palandjian v. Pahlavi, 614 F.Supp. 1569, 1575 (1985) (Duress can justify equitable tolling so long as the duress is directed at preventing the plaintiff from filing suit or otherwise enforcing his legal rights). *Accord* Noguera v. Hasty, 2001 WL 243535

(S.D.N.Y. 2001); Morales v. Gourmet Heaven, Inc., 2016 WL 6996976 (D.Conn. 2016). Compare Heckler v. Cmty Health Servs. Of Crawford City, Inc., 467 U.S. 51, 59 (1984) (equitable tolling applies when a defendant makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it and the person does, in fact, reasonably rely). Compare Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir.1990) cert. denied 501 U.S. 1261 (1991) (equitable tolling applies to permit a plaintiff to avoid the bar of the statute of limitations if, despite all due diligence, he is unable to obtain vital information bearing on the existence of his claim).

Here, although the defendant did not cite Lopez v. Travelers Co., Inc., 2016 WL 2890477 (2016) (**Exhibit 1**) in his Motion to Dismiss, he cites it in his Reply and argues that equitable tolling in Connecticut does not apply to statues of repose. (See Reply, p.1.) The defendant's argument is misapplied. In Lopez, the Court held equitable tolling does not apply to statutes of repose in cases where the plaintiff is unable to obtain vital information concerning the existence of his claim. (Id. at *6.) Lopez is easily distinguishable from this case as the plaintiff's basis for equitable tolling concerns allegations of duress and threats rather than the discovery of information. The defendant has cited no case law which counters the plaintiff's arguments in his Memorandum of Law in Opposition to the Motion to Dismiss. For the reasons stated therein, the defendant's Motion to Dismiss should be denied.

## II. Count Two Of The Plaintiff's Proposed Second Amended Complaint Contains An Allegation That The Defendant Violated 18 U.S.C. § 1591.

The defendant argues in his Reply, "The Plaintiff next claims that the Defendant's Motion to Dismiss is now moot as to Count Two of his Complaint because Plaintiff's Second Amended Complaint alleges a violation of 18 U.S.C. § 1591. Plaintiff's proposed Second Amended Complaint, however, contains no such pleading." (*See* Obj. to MTD, p.1.) The defendant's argument mischaracterizes the plaintiff's proposed Second Amended Complaint.

The plaintiff's proposed Second Amended Complaint states, "Between approximately 2010 and 2014, the defendant engaged in a pattern of illegal and prohibited human trafficking activity for the purulent sexual purposes in violation of 18 U.S.C. § 1591 and actionable under 18 U.S.C. § 1595(a)...." (**Exhibit 1** - Proposed Second Amended Complaint, p.4 ¶6.) As the plaintiff's proposed Second Amended Complaint clearly alleges a violation of 18 U.S.C. § 1591, the defendant's argument fails.

## III. The Plaintiff Has Pleaded A Valid CUTPA Cause Of Action.

The defendant argues in his Reply that the plaintiff's CUTPA claim should be dismissed as the plaintiff has not alleged an "ascertainable loss". (*See* Reply, p.4.) The defendant's argument fails for two reasons. First, this Court should not consider this argument as the defendant has raised this issue for the first time in his Reply. "It is settled, however, that argument raised for the first time in replying in further support of a

motion are generally deemed waived." Ceglia v. Zuckerberg, 287 F.R.D 152, 162 (W.D.N.Y. 2012); *See also* Conn. Bar Assoc. v. United States of America, 620 F.3d 81, 91 n. 13 (2d Cir.2010) (citing Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir.1998)).

> Raising the issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief-they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration. Further the non-moving party ordinarily has no right to respond to the reply brief, at least not until oral argument. As a matter of litigation fairness and procedure, then, we must treat [such issues] as waived.

Scottsdale Insurance Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008) *quoting* Novosteel SA v. United States, 284 F.3d 1261, 1274 (Fed. Cir. 2002). As the defendant has raised this argument for the first time in his Reply, the defendant has waived his right to move to dismiss the plaintiff's claim on this ground.

Second, the defendant's argument fails as the plaintiff has sufficiently alleged he suffered an "ascertainable loss". Pursuant to CUTPA's private remedy provision "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of ... a method, act or practice prohibited by section 42-110b, may bring an action ... to recover actual damages." Conn.Gen.Stat.Ann. § 42-110g(a)  "The words 'ascertainable loss' as used in [42-110g(a)] do not require a plaintiff to prove a specific amount of actual damages in order to make out a prima facie case." Hinchliffe v. AMC, 184 Conn. 607, 612-13 (1981). "Ascertainable loss" "ha[s] been interpreted as permitting personal injuries actions under CUTPA. *See e.g.*, Gutierrez, PPA v.

Jefferson St. Med. Bldg., Inc., 12 Conn.L.Rptr. 472 (1994) (minor plaintiff allegedly injured by lead paint exposure in apartment owned by defendant stated ascertainable loss under CUTPA). Accord Simms v. Candela, 45 Conn.Supp. 267 (1998).

Here, the plaintiff has sufficiently alleged that the he suffered an "ascertainable loss" as a result of the defendant's conduct. "These acts of defendant, Bruce Bemer, or members of his racketeering conspiracy, have resulted in ascertainable loss to the plaintiff, including bodily invasion, and sexual abuse, that left him susceptible and as a target of the defendant's perverse criminal racketeering scheme." (See **Exhibit 2** – Proposed Amended Complaint, p4 ¶11.) Consequently, the defendant's Motion to Dismiss should be denied.

### IV. Conclusion

For the reasons set forth herein and in the plaintiff's Memorandum of Law in Opposition to the defendant's Motion to Dismiss, the defendant's Motion to Dismiss should be denied.

                PLAINTIFF
                WILLIAM NESBITT

                By   /s/ Gerald S. Sack
                        Gerald S. Sack
                        Federal Bar #ct05279
                        Law Offices of Gerald S. Sack, LLC
                        836 Farmington Avenue, Suite 109
                        West Hartford, CT 06119
                        T. 860-236-7225; F. 860-231-8114
                        gssack@sacklawoffice.com

## Certification

I hereby certify that on August 6, 2018, a copy of the foregoing document was filed electronically and served by mail upon anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing though the Court's CM/ECF System.

Ryan P. Barry, Esquire
Federal Bar No. ct21683
Barry, Barall & Spinella, LLC
202 West Center Street, 1st Floor
Manchester, CT 06040
T. 860-649-4400; F. 860-645-7900
rbarry@bbsattorneys.com

/s/ Gerald S. Sack
Gerald S. Sack
Federal Bar #ct05279