UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM NESBITT,
    Plaintiff,

v.

BRUCE BEMER,
    Defendant.

No. 3:18-CV-00699 (VLB)

October 30, 2018

## MEMORANDUM OF DECISION GRANTING MOTION FOR RECONSIDERATION AND GRANTING MOTION TO STAY [DKTS. 28 AND 31]

Before the Court are Defendant's Motion for Reconsideration [Dkt. 28], requesting that the Court reconsider its Order denying Defendant's Motion to Stay pursuant to 18 U.S.C. § 1595(b)(1) [Dkt. 19], and Defendant's Motion to Stay in the Interest of Justice [Dkt. 31], requesting that the Court stay this civil action until the state criminal proceeding against Defendant concludes. For the following reasons, the Motion for Reconsideration [Dkt. 28] is GRANTED and the Motion to Stay in the Interest of Justice [Dkt. 31] is GRANTED.[1]

I. **Procedural History**

This civil action was filed in the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, on March 23, 2018. [Dkt. No. 1 (Def.'s Notice of Removal) ¶ 4]. Plaintiff, William Nesbitt ("Nesbitt"), alleges, *inter alia*, that

---

[1] The Court construes Defendant's second Motion to Stay [Dkt. 31] as a supplement to Defendant's first Motion to Stay [Dkt. 19].

1

Defendant Bruce Bemer ("Bemer"), violated the Trafficking Victims Protection Act ("TVPA"), actionable pursuant to 18 U.S.C. § 1595(a). *Id.* Bemer removed the state action to the District of Connecticut on the grounds that the plaintiff's TVPA claim "aris[es] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1441(c)(1); [Dkt. 1 (Notice of Removal)]. The Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

### A. *Civil Proceeding*

Nesbitt alleges in his complaint that beginning on or about March, 2010, until about November, 2014, Nesbitt was in a relationship with Bemer in which Bemer would pay Nesbitt to "engage in lewd and perverted acts, sexual and otherwise, and would also ask Nesbitt to attempt to recruit other young men to do likewise." [Dkt. 1, ¶ 3]. Nesbitt's complaint contains five claims against Bemer: (1) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a; (2) violation of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1595(a); (3) assault and battery; (4) reckless and wanton conduct; and (5) intentional infliction of emotional distress.

### B. *Criminal Proceeding*

On March 28, 2017, Bemer was arrested and charged with patronizing a prostitute who is a minor or the victim of trafficking, in violation of Conn. Gen. Stat. § 53a-83(c), and conspiracy to commit trafficking, in violation of Conn. Gen. Stat. § 53a-192a. [Dkt. 28 (Def.'s Mot. for Reconsideration), at 2].

In Bemer's first Motion to Stay, he argued without asserting any particularized facts supporting this claim that Nesbitt is a victim of the occurrence which gave rise to the criminal action against Bemer and, therefore, a stay of the civil action is mandatory under the TVPA. [Dkt. 19 (Def.'s Memorandum of Law in Support of Mot. To Stay), at 2]. Specifically, Bemer argued only that:

> This civil action undoubtedly arises from the same occurrence for which the Defendant is currently being prosecuted. As noted above, the Defendant is being prosecuted by the State of Connecticut for patronizing trafficked individuals and conspiring to commit trafficking. The arrest warrant for the Defendant cites to at least fifteen victims of the alleged criminal enterprise. Based upon the Plaintiff's civil complaint, he alleges to be a victim of the same trafficking enterprise for which the Defendant is currently being prosecuted. Accordingly, the evidence the Plaintiff will seek to prove his case in this civil action is the same evidence which the State will use in seeking to convict the Defendant.

[*Id.*, at 2]. Bemer did not allege Nesbitt was named as a victim or otherwise mentioned in the criminal indictment, arrest warrant or in any discovery produced in the criminal case. Bemer did not attach any documentation to support his factual conclusion. He also did not offer offer any reasoned analysis from which the court could determine whether the cases arose out of the same facts and were thus parallel proceedings.

In opposition to the Motion to Stay, Nesbitt argued the information filed in the state criminal action alleges that Bemer solicited approximately four victims. [Dkt. 24-1 (Pl.'s Obj. to Def.'s Mot. To Stay, Memorandum in Support), Ex. B, ¶ 31]. All four victims were involved in an alleged human trafficking ring, in which

Bemer is charged with conspiring. [*Id.*, ¶ 6]. Nesbitt further alleges that he had a separate relationship with Bemer in which Bemer paid Nesbitt for sexual encounters and asked Nesbitt to solicit other individuals for Bemer. [*Id.*, ¶ 3]. Nesbitt swore he did not know the individuals named in the trial information concerning the state-alleged ring. [Dkt. 24, at 22-3].

In support of his opposition to the original motion to stay Nesbitt also filed an affidavit stating that he had reviewed the criminal information and arrest warrant filed against Bemer and was not a victim of the occurrence giving rise to the criminal prosecution. [Dkt. 24-1, Ex. C., at 1-2]. In essence, Nesbitt asserted that he had a private intimate relationship with Bemer separate and distinct from the relationships Bemer is alleged to have had with the alleged victims in the state indictment. Bemer did not file a reply asserting any facts tending to show the instant case and the state criminal case were parallel proceedings, other than noting the similarity of the charged conduct. [Dkt. 19]

The Court denied the first Motion to Stay, holding that Bemer did not prove that the cases were parallel, "'aris[ing] out of the same occurrences'" underlying the state criminal case. [Dkt. 26] (citing 18 U.S.C. 1595(b)(1)). Subsequently, Bemer filed this Motion for Reconsideration [Dkt. 28] and Motion to Stay in the Interest of Justice [Dkt. 31]. He submits that "the Court was deprived of a full record upon which to render its decision because of Plaintiff's one-sided affidavit and because of the then-pending procedural posture of the case, i.e., the Court was deprived of the Defendant's reply brief." [Dkt. No. 26, at 2].

## II. Defendant's Motion for Reconsideration

The Court first addresses Bemer's Motion for Reconsideration. [Dkt. No. 28]. The Court *sua sponte* noted it would consider a motion to stay pursuant to the statutory provision 18 U.S.C. § 1595(b)(1) because of the compelling constitutional rights at issue. [Dkt. No. 18]. That provision reads, "[a]ny civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." § 1595(b)(1). Thereafter, Bemer filed a Motion to Stay [Dkt. 19]. The Court denied Bemer's motion, noting that Bemer did not prove that Nesbitt is a victim of the occurrence giving rise to the state criminal action. [Dkt. 26]. Bemer then filed this Motion for Reconsideration.

Pursuant to D. Conn. Local R. 7(c), motions for reconsideration "shall be filed within seven days of the filing of the decision or order from which relief is sought." Failing to timely file a motion for reconsideration constitutes sufficient grounds for denying the motion. *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21 (D. Conn. 2005). However, Courts in this District have exercised their discretion to review even untimely motions. *Palmer v. Sena*, 474 F. Supp. 2d 353, 354 (D. Conn. 2007); *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21 (D. Conn. 2005) (Court will exercise its discretion to address [plaintiff's] untimely motion for [reconsideration], in view of the issues raised in the [motion] and since defendants do not claim any prejudice from the delay); *Cope v. Wal-Mart Stores E., LP*, Civil Action No. 3:15-cv-01523 (CSH), 2017 U.S. Dist. LEXIS 168123, at *7 (D. Conn. Oct. 11, 2017) (Courts in this District have exercised their discretion in reviewing even untimely motions when

5

the movant puts forth a reasonable excuse for failing to timely file). The Court denied Bemer's Motion to Stay on June 1, 2018. [Dkt. 26]. Bemer then filed his Motion for Reconsideration on June 14, 2018, seven days past the deadline for filing. See [Dkt. 28]. Although Bemer gives no excuse for the untimeliness of the motion, the Court will exercise its discretion to review the motion.

"Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions." D. Conn. Local R. 7(c)(1). "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order…" *Id.* The grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion to reconsider should not be granted when the movant seeks to relitigate an issue that has already been decided. *Id. See Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir 1964).

Furthermore, "even if . . . parties [can] request district courts to revisit earlier rulings, the moving party must do so within the strictures of the law of the case doctrine." *Virgin Atl. Airways, Ltd.* 956 F.2d at 1255. The "law of the case"

doctrine prescribes that an issue already decided by the court at one stage of litigation becomes binding precedent to be followed during subsequent stages of the same case. *Liona Corp. v. PCH Assocs. (In re PCH Assocs.)*, 949 F.2d 585, 592 (2d Cir. 1991). When a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless "cogent and compelling reasons militate otherwise". *De Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (internal quotation marks omitted). However, this doctrine is discretionary and does not limit a court's power to reconsider an issue. *Liona Corp.*, at 592. Applying the strict standard for reconsideration and considering law of the case doctrine, the Court determines that reconsideration is necessary in order to prevent manifest injustice.

Although Bemer does not point to any intervening change of controlling law, he has brought forth additional facts in support of his request for consideration and appears to suggest the procedural posture of the criminal case constrained his ability to make a more fulsome argument. In light of this supplemental information discussed in detail below and the gravity of Bemer's constitutional rights at issue, the Court determines that reconsideration is in order.

### III. Defendant's Renewed Motion to Stay

Bemer argues that similarity in wording between Nesbitt's complaint and that of another civil litigant's complaint in Connecticut Superior Court should move the court to reconsider its decision. Bemer states "notably, Plaintiff's TVPA allegation is substantively indistinguishable from the TVPA allegation in *John*

*Doe v. Bemer et al.* (FBT-CV-17-5032760-S), a case involving plaintiffs who were named in the Arrest Warrant Application." [Dkt. 28, at 3-4]. Bemer points out that in *Doe v. Bemer* (-2760-S) the plaintiffs allege the following:

> 'The defendant, Bruce Bemer, is an individual who engaged in a continuous course of depraved and corrupt business activity over many years, targeting mentally disabled and/or drug addicted individuals and/or minors for sexual exploitation and/or willingly engaged in a conspiracy to sexually traffic individuals, including the plaintiffs, throughout the State of Connecticut and other states, for financial gain and/or depraved sexual gratification in lieu of or in addition to financial gain. Bemer, upon information and belief and an opportunity for further discovery, has been infected with the HIV virus for decades and knowingly engaged in unprotected sexual acts with the plaintiffs without disclosure of the fact that he is/was infected with HIV.'

[*Id.*, at 4] (citations omitted). Bemer compares this language to the complaint in the instant case, which contains the following passage:

> 'The defendant, Bruce Bemer, is an individual who engaged in a continuous course of depraved and corrupt business activity over many years, targeting vulnerable *individuals* for sexual exploitation, and who willingly engaged in a *conspiracy to sexually abuse and traffic individuals, including plaintiff*, throughout the State of Connecticut, *for financial gain* and/or sexual gratification in lieu of or in addition to financial gain. The defendant, upon information and belief, and an opportunity for further discovery, has been infected with the HIV virus for decades and knowingly engaged in unprotected sexual acts with the plaintiff without disclosure of the fact that he is/was infected with HIV.'

[Dkt. 37, ¶ 2 (emphasis added)].

The complaint to which Bemer refers in his motion was filed on March 5, 2018. *Doe v. Bemer*, No. FBT-CV-17-5032760-S (Super. Ct. 2017) (CT Judicial Case Lookup). The complaint in *Doe* was amended to reflect the above language on March 5, 2018. *Doe*, Dkt. No. 204 (Pl. Req. Amend Comp.), at 3-4. Thereafter, Nesbitt filed the present civil action against Bemer in Connecticut Superior Court

on March 22, 2018. [Dkt. 28, at 1]. The Court agrees with Bemer that the wording of the complaint is nearly identical to the civil action.

Bemer introduces evidence that Nesbitt moved to consolidate his case with state court cases filed by plaintiffs who are named as victims of the scheme at issue in the criminal action. [Dkt. 28, at 5]. Bemer states in his motion for reconsideration. "[w]hen this case was pending in the Superior Court, the Plaintiff moved to consolidate his case with [four other pending state proceedings] because 'all five cases arise out of the same factual setting.'" [*Id.*]. "Bemer attached as Exhibit A to his renewed Motion to Stay Nesbitt's Motion to consolidate admitting as much. [*Id.*]. Thus while the case was in the Connecticut Superior Court, Nesbitt admitted this case arose out of the same facts as the civil cases brought by the alleged victims of the criminal conduct charged in the indictment. Two of the four civil pending cases are cases which *do* involve individuals who were named in the Arrest Warrant Application. [*Id.*].

Nesbitt argues in his objection to Bemer's first Motion to Stay that he has reviewed the Arrest Warrant Application and is not listed as a victim nor is he a victim. [Dkt. 24, at 3]. Indeed, the Court has reviewed the Information and Arrest Warrant Application, and concludes that none of the victims listed in the report allege they were ever at Bemer's office at New England Cycle Center. Nesbitt, in his complaint, alleges that all of the misconduct took place at that location. [Dkt. 1 (Pl. Comp.)]. These lacunae do not affect the court's analysis.

An "information shall be a plain, concise and definite written statement of the offense charged. [It] need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement." Conn. Practice Book § 36-13. "It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that the defendant committed the offense by one or more specified means." *Id.* An information need not name every victim for the offense charged. The information is solely a summary of alleged facts against the accused used to determine the judicial authority if there is "sufficient evidence or cause to justify the bringing . . . of such information . . .." Conn. Gen. Stat. § 54-56. Nor need it state all places in which the offense charged occurred. [*Id.*]. Even in the Arrest Warrant Application itself, the affiant states, "because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant the affiant has not included each and every fact regarding this investigation of which the affiant is aware." [Dkt. No. 24 (Pl.'s Obj. to Def.'s Mot. To Stay, Ex. B), at ¶4]. "Rather, the affiant has set forth only the facts necessary to establish probable cause to believe that Bruce Bemer has violated [Conn. Gen. Stat. § 53a-82(c)(2)(A)]. . . ." [*Id.*]. A conspiracy need not occur at a single place and all of the conspirators need not participate in or even be aware of all aspects of the conspiracy. *State v. Pond* . 315 Conn. 451 (2015)

Critical to the Court's analysis is the language of Nesbitt's complaint. A close reading of the complaint reveals Nesbitt's claim alleges Bemer engaged in conduct not only with him, but with other unspecified individuals for financial

gain. [Dkt. No. 37, ¶ 2]. Thus, Nesbitt's complaint does allege the type of conduct charged in the criminal indictment and also the civil cases filed by the victims of the conduct charged in the criminal indictment. While the Amended Complaint does not identify the other individuals or state how Bemer intended to reap financial gain, the complaint is sufficiently broad to come within the possible ambit of the conduct for which Bemer is criminally charged. This conclusion is firmly supported by Nesbitt's admission in his motion to consolidate that this case arises out of the same facts and should be tried together with the cases filed by victims of Bemer's alleged criminal conduct.

Finally, Nesbitt, has not opposed the persuasive arguments made in the current motion for reconsideration. Although he is not required to file an opposition, his failure to challenge or explain his complaint or the admission in his motion to consolidate and to challenge Bemer's persuasive arguments leaves little doubt that critical facts not brought to the fore earlier should be considered.

While this conclusion is not drawn from information which Bemer could not have brought forth in the first instance, manifest justice compels the Court to consider the constitutional implications of denying the motion to stay. As Defendant took the unorthodox step of filing a second motion on the same subject as his motion to reconsider, the Court considers the second Motion to Stay to be a supplement to the original motion. The Court will therefore exercise its discretion and reconsider whether to stay this case.

## IV. Motion To Stay

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012); *citing Landis v. N. Am. Co*, 299 U.S. 248 (1936). A district court has the discretionary authority to stay a civil proceeding pending the outcome of a parallel criminal case. *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 8 (D. Conn. 2002). "Courts have generally been concerned about the extent to which continuing the civil proceeding would unduly burden a defendant's exercise of his rights under the Fifth Amendment, which provides that '[n]o person . . . shall be compelled in any criminal case to be a witness against himself.'" *Louis Vuitton*, at 97. A stay can protect a defendant from making a "Hobson's choice" of choosing to be prejudiced in the civil litigation if the defendant asserts his Fifth Amendment privilege, or from being prejudiced in the criminal proceeding if he or she waives that privilege in the civil litigation. *Id.*

Bemer argues that, until the conclusion of his criminal proceeding, he will be forced to assert his Fifth Amendment right against self-incrimination in response to discovery requests and depositions. [Dkt. No. 31, at 5]. "[E]vidence of other sexual misconduct is admissible in a criminal case to establish that the defendant had a tendency or a propensity to engage in aberrant and compulsive sexual misconduct . . . ." Conn. Code of Evidence 4-4(b). "[E]vidence of other crimes, wrong or acts of a person is admissible . . . to prove intent, identity, malice,

motive, common plan or scheme, absence of mistake or accident, knowledge, a system or criminal activity or an element of the crime, or to corroborate crucial prosecution testimony." Conn. Code of Evidence 4-4(c). Discovery of facts concerning Nesbitt's claim that Bremer engaged in misconduct with other individuals for financial gain will be greatly hampered by Bemer's inevitable invocation of his Fifth Amendment right against incrimination.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. CONST. Amend. VI. Civil discovery is intrusive and time consuming. Engaging in civil discovery, including depositions and interrogatory compliance, may inhibit Bemer's ability to zealously defend this civil case while at the same time preserving his right to defend against the criminal charges. To the extent he is forced to make the "Hobson's choice" between protecting his financial interests by defending himself in this civil action and his penal interests by defending himself in the criminal charges, his Sixth Amendment rights to a fair and speedy trial will be abridged if not denied.

It is now clear that any effort to seek discovery about Bremer's conduct either with other individuals or for financial gain as alleged in Nesbitt's complaint is likely to draw an objection on the basis of the Fifth or Sixth Amendment or perhaps deprive Bemer of his constitutional right of access to the courts. *See Ex parte Hull,* 312 U.S. 546 (1941).

13

**Defendant failed in the first instance to sustain his burden of establishing that this case is parallel to the criminal case. Defendant simply seeks to re-litigate an issue previously decided by putting forth facts available to be presented in the first instance. The Court, mindful of its role as a neutral arbiter and not an advocate for either party, the Court concludes that the constitutional issues at stake are of sufficient gravity that denying a stay would be manifestly unjust to the defendant for the same reasons the Court decided to reconsider its decision not to stay the case. It would also be judicially inefficient as the Court would inevitably be tasked to resolve discovery disputes predicated on these constitutional principles. Allowing the case to proceed on that basis is inconsistent with the first and most fundamental rule of civil procedure, Federal Rule of Civil Procedure 1, which is to secure the just, speedy, and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1.**

## V. Conclusion

For the foregoing reasons, Defendant's Motion for Reconsideration is GRANTED and Defendant's Motion to Stay in the Interest of Justice is GRANTED. As the case cannot be adjudicated, it is dismissed without prejudice to re-opening by either party within <u>seventy (70) days</u> after entry of a final judgment in *State v. Bemer,* Docket No. CR17-0155220-S. The parties are ORDERED to file within <u>21 days</u> of any motion to reopen a Rule 26(f) Planning Report requesting entry of a scheduling order.

SO ORDERED this 30th day of October, 2018, at Hartford, Connecticut.

/s/

Hon. Vanessa L. Bryant
United States District Judge